[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The parties intermarried on January 29, 1966 at Clermont, Florida. They have resided continuously in this state since 1968. There are no minor children issue of the marriage.
The evidence presented at trial has clearly established the allegation that the marriage has irretrievably broken down. Judgment may enter dissolving the marriage on that ground.
The court has carefully considered the criteria set forth in §§ 46b-62, 46b-81 and 46b-82 C.G.S. in reaching the decisions reflected in the orders that follow.
The defendant is the manager and sole employee of SEDCO Chemical, Inc. He is a 51% owner. Although his financial affidavit indicates a salary of approximately $27,300 per year, in fact the defendant has access to the corporation's American Express card on which he charges substantial living expenses. He lives through his American Express card. The corporate tax returns indicate substantial loans to the defendant. The company also provides the defendant with a motor vehicle and pays for the gas, insurance and all maintenance. The defendant does live through the corporation and maintains his lifestyle through creative accounting. The defendant's disposable income is closer to $45,000 to $50,000 per year. The corporation grossed $2,338,826 in sales for 1997 with a reported cost of goods sold in the amount of $2,223,674.
The defendant is 53 years old. He has limited vision as a result of glaucoma. The defendant has a college education and served in the United States Army as a medical specialist with the Green Berets. He worked his way up to department head at Raybestos and was employed there for 21 years until his unit went bankrupt. The defendant earned $35,000 per year at Raybestos. The defendant claims to have received a pension of $9,000 from Raybestos and he used these funds to start his own business.
The defendant's partner owns VANCO. SEDCO buys products and chemicals from VANCO, leases space from VANCO and VANCO extends CT Page 619 financing to SEDCO. The defendant has no interest in VANCO.
The plaintiff worked outside the home throughout this 33 year marriage, in addition to raising two children, both now grown. The plaintiff has a GED. She is presented employed at Pitney Bowes. The plaintiff is 49 years of age and in good health. The plaintiff claimed for most of the marriage she turned over her paycheck to the defendant and the defendant took care of the bills. The marital home of 12 years was lost through foreclosure.
The plaintiff felt they could never get caught up on their bills. The defendant liked to gamble and took trips away from home regardless of any problems the parties had with bills and creditors. The plaintiff has no assets other than an ESOP valued at $8,000. The parties have been separated approximately two years.
Unfortunately, the parties were unable to resolve their marital difficulties. The court declines to assess fault to either party for the breakdown of the marital relationship.
The court has carefully considered the statutory criteria in reaching the decisions reflected in the orders that follow.
Alimony
The defendant shall pay to the plaintiff as periodic alimony, the sum of $125 per week until her death or the death of the defendant. The plaintiff's remarriage or cohabitation shall not
terminate the award of periodic alimony.
The court shall take a second look at the award of alimony at the time the defendant retires or receives Social Security benefits.
An immediate withholding is ordered.
Income Taxes
The defendant shall be responsible to pay all federal and state income taxes, interest and penalties due on any tax returns filed by the defendant and he shall hold the plaintiff harmless therefrom.
Debts
CT Page 620
Each party shall be responsible for the payment of the debts as set forth in their respective financial affidavit except that the defendant shall be solely responsible for the federal and State of Connecticut tax liabilities as indicated above.
Personal Property
1. Each party shall retain the personal property and assets presently in their possession.
2. The plaintiff shall have no claim to the defendant's business called SEDCO Chemical, Inc.
COBRA
The defendant shall be entitled to COBRA benefits as are available through the plaintiff's employment, at his expense.
Life Insurance
The defendant shall make reasonable efforts within 90 days of date to obtain a life insurance policy, designating the plaintiff as beneficiary thereon, for so long as the defendant has an alimony obligation. The premium for said policy shall not exceed $750 per year. This provision shall be modifiable. Said life insurance policy shall be at least $100,000 or as close thereto as the premium allows.
The court shall retain jurisdiction over any disputes with regard to this life insurance.
Counsel Fees
Both parties have substantial debts. The plaintiff's pay is already garnished. She does not have the benefit of an American Express card to fall back upon for everyday living expenses.
The court awards the plaintiff counsel fees in the amount of $2,000 to be paid in three installments of $666.67 every three months commencing March 1, 1999.
Coppeto, J. CT Page 621